UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS SPIRO ROTUNDO,<br><br>*Plaintiff,*<br><br>-against-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. AND NELNET, INC.,<br><br>*Defendants.* | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

By and through the undersigned counsel, Plaintiff Nicholas Spiro Rotundo ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant Nelnet, Inc. ("Nelnet" or the "Furnisher Defendant"), and against Defendant Experian Information Solutions, Inc. ("Experian" or the "CRA Defendant") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

## Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).
4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this District.

## The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Middletown, NY.
6. Defendant Nelnet is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.
7. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

## Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act

8. Plaintiff is a victim of inaccurately reported student loan tradelines (Hereinafter, "Inaccurate Tradelines"). Specifically, Plaintiff's Nelnet student loan tradeline inaccurately reported late payments after Plaintiff's grace period was prematurely activated while Plaintiff remained enrolled as a full-time student.
9. During the relevant period, Defendant Nelnet furnished the Nelnet student loan tradelines to Defendant Experian. Plaintiff disputed the Inaccurate Tradelines, explaining that the reported late payments resulted from the premature activation of his federal student loan grace period. Despite receiving notice of Plaintiff's disputes, Nelnet and Experian failed to conduct reasonable investigations and failed to correct or delete the inaccurate information.
10. Among other examples of defamatory publications, Experian published the Inaccurate Tradelines to BMW on or around January 23, 2026. This publication defamed Plaintiff, thereby:
    a. Giving BMW the false impression that Plaintiff was a poor credit risk.
    b. Impugning Plaintiff's reputation and character.
    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

*Experian Dispute*

11. On four separate occasions in 2025 and 2026, Plaintiff disputed the Inaccurate Tradelines to Experian.

12. Upon information and belief, Experian notified Nelnet about each dispute.

13. After Plaintiff's disputes and upon information and belief, Nelnet verified to Experian that the Inaccurate Tradelines were reporting accurately even though Nelnet could not, had it performed reasonable investigations, have verified that the disputed information was accurately attributable to Plaintiff.

14. Experian, in turn, continued to report the disputed Inaccurate Tradelines even though, had Experian performed reasonable reinvestigations, it could not have verified the accuracy of the disputed information. Experian informed Plaintiff of its conclusion in dispute results dated on around September 10, 2025, October 3, 2025, May 8, 2026, and June 22, 2026.

***Damages***

15. At all times pertinent hereto, the conduct of both Defendants and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

16. In the alternative, the conduct of both Defendants and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

17. Both Defendants, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

18. Both Defendant's publications of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through headaches, difficulty sleeping, frustration, humiliation, apprehension about applying for credit, depression, and lack of appetite.

b. Plaintiff was defamed by both Defendants, both of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

c. Upon information and belief, Plaintiff paid inflated interest rates on one or more credit accounts.

19. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

20. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

**<u>First Cause of Action</u>**
**Violations of the FCRA by Nelnet, Inc.**
**(Furnisher Defendant)**

21. Because of its unlawful reporting and verification of the Inaccurate Tradelines, Furnisher Defendant Nelnet is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

[1] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

a. failing to conduct reasonable investigations of Plaintiff's disputes of the Inaccurate Tradelines reporting on Plaintiff's Experian credit report after, upon information and belief, Nelnet received notice of Plaintiff's disputes from Experian;

b. failing to review all relevant information provided to Nelnet by Experian concerning Plaintiff's disputes of the Inaccurate Tradelines;

c. failing to promptly modify, delete, or permanently block any and all information about the disputed Inaccurate Tradelines that Nelnet, had it conducted reasonable investigations of Plaintiff's disputes, could not have affirmatively verified as accurate; and

d. falsely representing to Experian that Plaintiff was responsible for the late payment history in the Inaccurate Tradelines.

**<u>Second Cause of Action</u>**
**Violations of the FCRA by Experian Information Solutions, Inc.**
**(Consumer Reporting Agency)**

*Violation of FCRA § 1681e(b)*

22. Experian violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Experian did not follow reasonable procedures to assure maximum possible accuracy of information it reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Inaccurate Tradelines.

*Violation of FCRA § 1681i*

23. Experian violated FCRA § 1681i(a)(1) by failing to conduct reasonable reinvestigations of the Inaccurate Tradelines after Plaintiff disputed their accuracy to determine whether the Inaccurate Tradelines were accurately reporting.

24. Experian violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the Inaccurate Tradelines.

25. Experian violated FCRA § 1681i(a)(5) by failing to promptly delete the Inaccurate Tradelines from its consumer file for Plaintiff despite the fact that Experian, had it conducted reasonable reinvestigations of Plaintiff's disputes, could not have affirmatively verified that the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against both Defendants actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.
2. A correction of any inaccurate consumer reporting.
3. Such other and further relief as may be necessary, just, and proper.

**Demand For Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Servando Martinez*
Servando Martinez
**Sherman & Ticchio PLLC**
servando@st-legal.com
120 N. Main Street, Suite 302(b)

New City, NY 10956
212.324.3874